State ex rel. Gelpi & Bro. vs. Board of Assessors et als.

## No. 11,415.

STATE EX REL. PAUL GELPI & BRO. VS. BOARD OF ASSESSORS ET ALS.

Imported goods in the importer's possession are not part of the property in the State subject to taxation.

While they remain in the original package the importer owes no tax upon them.

An article imported continues to be a part of the foreign commerce of the country while in the hands of the importer for sale in the original package.

The authority to import carries with it the right to sell the article in the original package.

When it has passed into the hands of a purchaser it is no longer an import and is subject to taxation like any other property.

The goods were sold by the importers in the original packages.

They can not be taxed.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

*Harry H. Hall* for the Relator and Appellee:

Imported foreign goods in unbroken original packages in the hands of the importers, upon which import duties have been paid to the United States, are not liable to State taxation. 12 Wh. 419; 13 Wall 29; Saunders on Taxation, 35; Desty on Taxation, vol. 1, p. 232; 24 How. 169; 8 Wall. 123; 8 Wall. 148; 13 Wall. 34; 12 Wh. 447; 5 How 504; 13 Wall. 129; 15 Wall. 284; 96 U. S. 447; Desty, vol. 1, 233; 12 Wh. 419; 13 Wall. 29; 105 U. S. 460; 91 U. S. 275; 97 U. S. 466; 103 U. S. 344; Colley on Taxation, p. 95.

*Geo. W. Flynn*, Assistant City Attorney, and *E. A. O'Sullivan*, City Attorney, for Defendants and Appellants.

The opinion of the court was delivered by

BREAUX, J.    The admitted facts are, that the relators conduct a commercial partnership as importers of foreign goods in New Orleans; that they (the goods) are foreign imports; that at the date of the assessment they had in stock $15,000 worth of imported goods, of which $1000 were in broken packages and $14,000 in original packages; that at no time during the year the quantity or value of imported goods in broken packages exceed $1000; that during the course of the year they sell the entire $14,000 in the original packages imported, and they are in their store subject to such sales as can be made during the year. It is also admitted that the import or impost taxes have been paid.

Application was made to the Board of Assessors for the cancella-

10

tion of the $14,000 assessed upon goods in original packages, also to the Committee on Revision for the taxes for the year 1893.

The relators claim that the assessment is illegal; that the duty on the goods imposed by the act of Congress had been paid to the United States; that the tax assessed was in effect an additional import duty which could not be constitutionally imposed by State law.

The respondent, the city of New Orleans, defends on the ground that the relators had, by their disposition of the property, incorporated it in the mass of the property of the State; that by their act the importers have mixed the property with the other values in the State subject to assessment.

That a State law including original packages as property to be taxed would be repugnant to the prohibition of the Constitution upon the States not to lay any imposts or duties on imports is conceded by respondent.

1. The respondent argues that it is not essential to break every package in the stock of merchandise in order to commingle them with the other property of the importer.

2. That by the admission that the goods are in relators' store, subject to sale, they have become taxable property.

Commencing with the case of Brown vs. Maryland, 12 Wheat. 447, the Supreme Court of the United States in a number of decisions has invariably held that imported goods from foreign countries are not subject to taxation under State laws until the packages are broken, or they have been sold by the importer.

Relative to broken packages: When the imported goods are broken up they become subject to taxation as part of the bulk of the property in the State. Desty, Vol. 1, p. 234.

Relative to sales: At all times between the arrival of the goods imported and the sale by the importer, if the packages are not broken from the original cases, they are not subject to State taxation. Low et al. vs. Austin, 13 Wall. 34.

With reference to imports the United States Supreme Court in another case holds: " We have held property in one stage of its ownership," prior to its sale, "not to be taxable," and in a succeeding stage " to be taxable " after the sale by the importer in original packages. Murray vs. Charleston, 96 U. S. 446.

Breaking packages as applied to imported goods has a defined meaning.

The package consists of a number of things bound together convenient for handling and conveyance.

A package means a bundle put up for transportation or commercial handling. It is a thing in form to become as such an article of merchandise, or transportation or delivery from hand to hand. United States vs. Goldback, Hughes Reports, Vol. 1, p. 528.

The breaking or destroying the entirety of the package is a clear definition which does not admit of comment.

Applying these principles to the case at bar it is obvious that the packages were not broken and that the importers had not sold the goods.

The evidence shows that at no time during the year the quantity, or value of the imported goods in broken packages exceeded $1000, and that during the year the relators sell the entire $14000 remaining in the original packages in which they are imported, and that they are in their store subject to such sales as can be made during the year.

Any argument that there was a breaking of the packages or a mixing of part of the goods claimed as exempt from taxation is not sustained by the evidence. The sale during the year of the goods valued at $14,000 is made in the original.

The fact that these goods are for sale in the store does not change their ownership nor necessarily have the effect of mingling them with other goods that are not in packages.

The immunity from payment of the taxes follows the goods without reference to the place in which they are stored.

That they are offered for sale in unbroken packages in the importers' store is not in effect the breaking of the packages, or such a disposition of the goods as causes the immunity from the tax to end.

The writs were made peremptory by the judgment of the District Court.

We affirm the judgment.

Mr. Justice Parlange takes no part.